

U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Southern Division*

| | | | |
|---|---|---|---|
| Kelly Hayes<br>Assistant United States Attorney<br>Kelly.Hayes@usdoj.gov | Mailing Address:<br>6500 Cherrywood Lane, Suite 200<br>Greenbelt, MD 20770-1249 | Office Location:<br>6406 Ivy Lane, 8th Floor<br>Greenbelt, MD 20770-1249 | DIRECT: 301-344-0041<br>MAIN: 301-344-4433<br>FAX: 301-344-4516 |

February 24, 2014

Fatai Suleman, Esq.
Amity & Suleman, P.A.
Maryland Trade Center III
7501 Greenway Center Drive, Suite 450
Greenbelt, MD 20770

AUG 2 1 2014

Re: *United States v. Julius Valentine Williams*,
Crim. No. PWG-13-0544

Dear Mr. Suleman:

This letter, together with its Sealed Supplement, confirms the plea agreement that has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **5:00 p.m.** on **Monday, March 3, 2014**, it will be deemed withdrawn. The terms of the proposed agreement are as follows:

## Offenses of Conviction

1. The Defendant agrees to plead guilty to Counts Fourteen, Eighteen, Twenty, and Twenty-Seven of the Indictment now pending against him, which charge him with: (1) aiding and assisting in filing false tax returns, in violation of Title 26, United States Code, Section 7206(2) (Count Fourteen); (2) filing false tax returns, in violation of Title 26, United States Code, Section 7206(1) (Count Eighteen); (3) wire fraud, in violation of Title 18, United States Code, Section 1343 (Count Twenty); and (4) aggravated identity theft, in violation of Title 18, United States Code, Section 1028A (Count Twenty-Seven). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

## Elements of the Offenses

2. The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a. <u>Count Fourteen</u> (aiding and assisting in filing false tax returns): (1) the Defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of a document in connection with a matter arising under the internal revenue laws; (2) the document was false as to a material matter; and (3) the Defendant acted willfully.

| | |
|---|---|
| EXHIBIT NO. | 1 |
| CASE NO. | PWG-13-0544 |
| IDENTIFICATION: | 8/21/2014 |
| ADMITTED: | 8/21/2014 |

b. Count Eighteen (filing false tax returns): (1) the Defendant made and subscribed a return, statement, or other document which was false as to a material matter; (2) the return, statement, or other document contained a written declaration that it was made under the penalties of perjury; (3) the Defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and (4) the Defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

c. Count Twenty (wire fraud): (1) the Defendant knowingly devised or intended to devise a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, that were material; and (2) for the purpose of executing the scheme, the Defendant transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce any writings, signs, signals, pictures, or sounds.

d. Count Twenty-Seven (aggravated identity theft): (1) the Defendant knowingly transferred, possessed, or used a means of identification of another, without legal authority; (2) the Defendant knew the identity belonged to a real person; and (3) the Defendant did so during and in relation to a felony violation set forth in 18 U.S.C. § 1028A(c), to wit, wire fraud, in violation of 18 U.S.C. § 1343.

## Penalties

3. The maximum sentence provided by statute for each of the offenses to which the Defendant is pleading guilty is as follows:

a. Counts Fourteen (aiding and assisting in filing false tax returns) and Eighteen (filing false tax returns): up to three years of imprisonment, followed by a term of supervised release up to one year, and a maximum fine of $250,000.

b. Count Twenty (wire fraud): up to twenty years of imprisonment, followed by a term of supervised release up to three years, and a maximum fine of $250,000.

c. Count Twenty-Seven (aggravated identity theft): two years imprisonment, to be imposed consecutive to any other sentence, followed by a term of supervised release up to one year, and a maximum fine of $250,000.

In addition, the Defendant must pay $400 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.[1]  The Defendant understands that if he serves a term of

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked – even on the last day of the term – and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he

3

may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

    4. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

    5. This Office and the Defendant understand, agree, and stipulate to the Statement of Facts set forth in Attachment A hereto that this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a. <u>Count Fourteen</u>: Pursuant to U.S.S.G. §§ 2T1.4(a) and 2T4.1(I), the base offense level is **22**, because the loss amount was greater than $1,000,000 but not greater than $2,500,000. A 2-level increase applies pursuant to U.S.S.G. § 2T1.4(b)(1)(B), because the Defendant was in the business of preparing or assisting in the preparation of tax returns. The adjusted offense level for Count Fourteen is **24**.

    b. <u>Count Eighteen</u>: Pursuant to U.S.S.G. § 2T1.1(a) and 2T4.1(I), the base offense level is **22**, because the loss amount was greater than $1,000,000 but not greater than $2,500,000. A 2-level increase applies pursuant to U.S.S.G. § 2T1.1(b)(1), because the Defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity. The adjusted offense level for Count Eighteen is **24**.

4

c.  **Count Twenty:** Pursuant to U.S.S.G. § 2B1.1, the base offense level is **7**. A 16-level increase applies pursuant to U.S.S.G. § 2B1.1(b)(1)(I), because the loss amount was greater than $1,000,000 but not greater than $2,500,000. An additional 2-level increase applies pursuant to U.S.S.G. § 2B1.1(b)(2)(A), because the offense involved 10 or more victims. The adjusted offense level for Count Twenty is **25**.

d.  Counts Fourteen, Eighteen, and Twenty group under U.S.S.G. § 3D1.2. The combined adjusted offense level for Counts Fourteen, Eighteen, and Twenty is **25**.

e.  This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. If the Defendant receives a three-level downward adjustment for acceptance of responsibility, the final offense level is **22**.

f.  **Count Twenty-Seven:** Pursuant to 18 U.S.C. § 1028A and U.S.S.G. § 2B1.6, the parties agree that the guideline sentence is the mandatory minimum term of imprisonment of two years, to be imposed consecutive to any sentence imposed on Counts Fourteen, Eighteen, and Twenty.

6.  The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

7.  This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant wishes to argue for any factor that could take the sentence outside of the advisory guidelines range, he will notify the Court, the United States Probation Officer and government counsel at least 14 days in advance of sentencing of the facts or issues he intends to raise.

### Obligations of the United States Attorney's Office

8.  At the time of sentencing, this Office will recommend a sentence within the applicable advisory guidelines range as determined by the Court. This Office and the Defendant will jointly recommend that the Court impose a judgment of full restitution to the Internal Revenue Service as a condition of supervised release or probation, as more fully

described below. This Office will also recommend that the Court impose as a condition of supervised release or probation that the Defendant be prohibited from preparing or filing federal tax returns for anyone other than himself.

9. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Tax Liability

10. The Defendant understands that this agreement does not resolve any civil tax liability that he may have, and that this agreement is with the United States Attorney's Office, not with the Internal Revenue Service ("IRS"). The IRS is not a party to this agreement and remains free to pursue any and all lawful remedies it may have. The Defendant agrees, however, as a special condition of supervised release: (a) to execute a final and conclusive "Closing Agreement" with the IRS, pursuant to section 7121 of the Internal Revenue Code, in order to resolve his tax liabilities for the years 2006 through 2011; (b) to provide a complete and accurate financial statement, under penalty of perjury, to the United States that shall identify all assets valued at $1,000 or more owned or held directly or indirectly by him, as well as all such assets transferred by him to any third parties since July 1, 2009, including the location of said assets and identities of the third parties; and (c) to pay restitution to the IRS in the amount of all additional taxes, interest and penalties that the IRS may determine that he owes for the tax years 2006 through 2011, pursuant to the aforesaid Closing Agreement. The amount of interest will be calculated by the IRS, under 26 U.S.C. § 6601 and/or 6621, as of the anticipated date of sentencing. The Defendant understands that a failure to comply with any of the conditions of his supervised release may result in revocation of his release conditions, resulting in his re-incarceration for all or part of the term of supervised release. The parties agree to jointly recommend that the Court order restitution in an amount of **$1,000,000.00**, and will recommend that the restitution be applied against the gross amount determined in the Closing Agreement, all of which is to be paid as a condition of supervised release.

11. Should the Court order the Defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS may use the restitution order as the basis for a civil assessment pursuant to 26 U.S.C. § 6201(a)(4), the amount of which the Defendant does not have the right to challenge. Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

## Internal Revenue Service Not a Party

12. Defendant understands that this agreement does not resolve any civil tax liability that he may have, and that this agreement is with the United States Attorney's Office, not with the Internal Revenue Service. The Internal Revenue Service is not a party to this agreement and remains free to pursue any and all lawful remedies it may have. Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this

agreement, will not satisfy, settle, or compromise Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

## Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the advisory guidelines range resulting from an adjusted offense level of **22** as to Counts Fourteen, Eighteen, and Twenty, plus a consecutive term of imprisonment of **24 months** as to Count Twenty-Seven; and, (ii) this Office reserves the right to appeal any term of imprisonment to the extent that it is below the advisory guidelines range resulting from an adjusted base offense level of **22** as to Counts Fourteen, Eighteen, and Twenty, plus a consecutive term of imprisonment of **24 months** as to Count Twenty-Seven.

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Pre-Sentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than

those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Pre-sentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the pre-sentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By : *Kelly Hayes* (signature)
Kelly Hayes
Assistant United States Attorney

Sean Delaney
Special Assistant United States Attorney
Trial Attorney, Tax Division

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

8-14-14
Date

Julius Valentine Williams

I am Julius Valentine Williams's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

8/14/14
Date

~~Fatai Suleman,~~ Esq.
Teresa Whalen

9